UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FEDJA DELIVUK and MICA DELIVUK,<br><br>Plaintiffs,<br><br>vs.<br><br>DERALD L. OBERG,<br><br>Defendant. | 4:17-CV-4166-RAL<br><br><br>ORDER CONCERNING MOTION TO WITHDRAW |

This case arises out of a May 2017 semi-truck accident. Doc. 1-3. Plaintiffs' attorney filed a motion to withdraw asking this Court to give the plaintiffs sixty days to find substitute counsel and to stay all proceedings during that period. Doc. 12. Defendant filed a response stating that efforts to obtain medical records and take depositions have been delayed by a lack of response from the Plaintiffs. Doc. 13. Concerned that discovery will become even more difficult if Plaintiffs' counsel is allowed to withdraw, Defendant asks this Court to either 1) dismiss the case without prejudice immediately; or 2) give the Plaintiffs sixty days to advise the Court of new counsel representing them and dismiss the case without prejudice if they fail to do so.

The motion to withdraw filed by Plaintiffs' attorney appears to be deficient in not revealing notice given to the clients consistent with the rules of this Court. This Court's Local Rules concerning withdrawal of counsel without substitution of new counsel, which is what Plaintiffs' attorney seeks, provide:

1

> Withdrawal without substitution may be granted only upon motion, for good cause shown. Notice of the motion must be provided to the client by the withdrawing attorney.

D.S.D. Civ. LR 83.7(C). Plaintiffs' attorney's one-page motion does not mention anything about notice of the motion to withdraw being provided to his clients. Doc. 12. The page attached to the motion contains a certificate of service attesting to service only on the Defendant's attorney. Nothing in the CM/ECF record in this case reflects notice of the motion to withdraw being provided to Plaintiffs themselves.

In terms of the "good cause" requirement of D.S.D. Civ. LR 83.7(C), the American Bar Association (ABA) Model Code of Professional Conduct as adopted by South Dakota guides the determination of what constitutes "good cause." See Hakim v. Leonhardt, 126 F. App'x 25, 26 (2d Cir. 2005) (referring to ABA Model Code provisions in evaluating counsel's conflict of interest); Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999) (per curiam). Rule 1.16 of the South Dakota Rules of Professional Conduct covers terminating representation:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> (1) the representation will result in violation of the Rules of Professional conduct or other law;
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
> (3) the lawyer is discharged.
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

Here, Plaintiffs' attorney cites Rule 1.16(b)(7) but does not explain why good cause exists. This Court understands why an attorney would be reluctant to elaborate on cause for withdrawal, but some slightly less obtuse explanation should be given. In any event, Plaintiffs' attorney must show that notice of the motion has been provided to Plaintiffs and must furnish Plaintiffs' contact information for the Court and Defendant to serve her with pleadings as Plaintiffs' attorney's withdrawal would leave them to proceed pro se with the case.

Therefore, it is hereby

ORDERED that ruling is deferred on the pending motion and that Plaintiffs' attorney file within fourteen (14) calendar days of this Order an affidavit verifying that notice was or is being provided to Plaintiffs as well as Plaintiffs' address and telephone number for purpose of the Court and Defendant contacting and serving Plaintiffs with pleadings. It is further

ORDERED that Defendant may file a motion to compel discovery and for sanctions if cause exists, but that Plaintiffs are entitled to proceed pro se if they choose, though not entitled to ignore discovery obligations.

DATED this 8th day of November, 2018.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE