UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FEDJA DELIVUK and MICA DELIVUK,<br><br>Plaintiffs,<br><br>vs.<br><br>DERALD L. OBERG,<br><br>Defendant. | 4:17-CV-4166-RAL<br><br>ORDER GRANTING MOTION<br>TO DISMISS |

This case arises out of a May 2017 semi-truck accident. Doc. 1-3. Plaintiffs' attorney filed a motion to withdraw asking this Court to give the Plaintiffs sixty days to find substitute counsel and to stay all proceedings during that period. Doc. 12. Defendant filed a response stating that efforts to obtain medical records and take depositions had been delayed by a lack of response from the Plaintiffs. Doc. 13. Concerned that discovery would become even more difficult if Plaintiffs' counsel were allowed to withdraw, Defendant asked this Court to either 1) dismiss the case without prejudice immediately; or 2) give the Plaintiffs sixty days to advise the Court of new counsel representing them and dismiss the case without prejudice if they fail to do so. Doc. 13.

Based on this Court's Local Rules concerning withdrawal of counsel without substitution of new counsel, this Court entered an Order Concerning Motion to Withdraw, Doc. 14, deferring ruling on the pending motion and giving Plaintiffs' counsel fourteen days to file an affidavit verifying that notice of withdrawal was given to Plaintiffs and supplying the Court and counsel with Plaintiffs' contact information. Plaintiffs' attorney did so through the Affidavit of Liam M. Culhane. Doc. 15. Culhane explained in the affidavit that Plaintiffs had failed to cooperate in prosecuting their case; despite repeated attempts by Culhane, Plaintiffs had not produced themselves for a deposition. Doc. 15. This Court issued an order on November 21, 2018, allowing Culhane to withdraw and ordering that:

1

> Plaintiffs within twenty-eight (28) days of the date of this Order shall file notification of who replacement counsel is or whether they will proceed pro se or whether they wish to dismiss this case. If Plaintiffs fail to file anything within that 28-day period, this Court may dismiss the case without prejudice given the information received about the Plaintiffs lack of cooperation or participation in discovery.

Doc. 16 at 3. This order was mailed to Plaintiffs' last known address, but Plaintiffs have not filed a response. Defendant moved to dismiss on January 7, 2019, explaining that Plaintiffs had failed to communicate with him at all. Docs. 17, 18.

Rule 41(b) of the Federal Rules of Civil Procedure allows courts to dismiss a case for a failure to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b). Here, Plaintiffs did not respond to this Court's November 21, 2018 order despite the warning that a failure to do so could result in dismissal. This fact, when coupled with Plaintiffs' failure to respond to their lawyer or Defendant, warrants dismissal of Plaintiffs' case. See First Gen. Resources Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam) (holding that a Rule 41(b) dismissal was proper after court warned party of consequence for failure to engage in discovery).

For the reasons stated above, it is hereby

ORDERED that Defendant's Motion to Dismiss, Doc. 17, is granted. It is further

ORDERED that Plaintiffs' case is dismissed without prejudice. It is further

ORDERED that a copy of this Order be mailed to Plaintiffs at 1029 Michelson Lane, Allen, TX 75002.

DATED this 14th day of January, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE